# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | CRIMINAL ACTION NO. 4:11-CR-223 |
| RAMIRO BENJUME PERDOMO, § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 10, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Stevan Buys.

Ramiro Benjume Perdomo, a.k.a. "Arturo," was sentenced on May 2, 2013, before The Honorable U.S. District Judge Marcia A. Crone of the Eastern District of Texas, after pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute Heroin and Cocaine, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of II, was 151 to 188 months. Pursuant to a 5K1.1 motion based on the defendant's substantial assistance, he was subsequently sentenced to 90 months of imprisonment followed by a 5-year-term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; substance abuse testing and treatment; as a condition of supervised release, immediately upon release from confinement, the defendant shall be

surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq.  If ordered deported, the defendant shall remain outside the United States.  In the event the defendant is not deported, or for any reason reenters the country after having been deported, the defendant shall comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation Officer within 72 hours of release by immigration officials or reentry into the country; and a $100 special assessment.  On April 20, 2015, pursuant to a motion filed under 18 U.S.C. § 3582(c)(2), the imprisonment sentence was reduced to 60 months.  On March 24, 2016, he completed his period of imprisonment and began service of the supervision term.

On August 1, 2018, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 806, Sealed].  The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) The Defendant shall not commit another federal, state, or local crime; (2) The Defendant shall not unlawfully possess a controlled substance; (3) The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) The defendant shall not commit another federal, state, or local crime; and (5) As a condition of supervised release, immediately upon release from confinement, the Defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq.  If ordered deported, the Defendant shall remain outside the United States.  In the event the defendant is not deported, or for any reason reenters the country after having been deported, the Defendant shall comply with all conditions of

supervised release, to include reporting to the nearest U.S. Probation Officer within 72 hours of release by immigration officials or reentry into the country.

The Petition alleges that Defendant committed the following acts: (1), (2), and (3) On July 11, 2018, Mr. Perdomo was arrested by the Lewisville, Texas, Police Department following an investigation initiated by the Drug Enforcement Administration (DEA). As a result, he was named in a Criminal Complaint for the offense of Conspiracy with the Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. § 846. According to the Complaint, he was involved in said criminal activity from January 2018 to the present. This case remains pending in the Eastern District of Texas under Docket No. 4:18MJ221. He was ordered detained pending trial on July 19, 2018; (4) and (5) Mr. Perdomo was deported to Mexico on or about April 27, 2016. As evidenced by the arrest noted above, on or about July 11, 2018, he failed to remain outside of the United States after deportation, in violation of Title 8 U.S.C. § 1326(a). Additionally, he did not make any efforts to report to the nearest U.S. Probation Office within 72 hours upon his reentry into the United States.

Prior to the Government putting on its case, Defendant entered a plea of true to all five (5) allegations of the Petition. Having considered the Petition and the plea of true to all five (5) allegations, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to

be imprisoned for a term of thirty-three (33) months, to be served consecutively to any other term of imprisonment, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the FCI McRae Bureau of Prisons facility, if appropriate.

**SIGNED this 17th day of May, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE